United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVAN W DOWLING,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>    Defendant. | Case No. 5:16-cv-06866-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM CLAIMS PRESENTATION REQUIREMENT**<br><br>Re: Dkt. Nos. 24, 27 |

      Plaintiff Evan Dowling is an employee of Defendant County of Santa Clara. Compl. ¶ 7, Dkt. No. 1. On November 29, 2016, Dowling filed his complaint in this case, which asserts several claims for discrimination and retaliation under the Age Discrimination in Employment Act and the Fair Employment and Housing Act. Id.

      On February 23, 2017, the parties submitted a joint case management statement, in which Dowling stated that he "intends to amend his Complaint to plead a violation of Labor Code § 1102.5" and to "supplement his cause of action for retaliation in violation of FEHA to include retaliatory conduct which has occurred since his return to work on November 21, 2016." Dkt. No. 15 at 8.

Case No.: 5:16-cv-06866-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM CLAIMS PRESENTATION REQUIREMENT

1

Also on February 23, 2017, this Court issued a case management order, which stated:

> IT IS FURTHER ORDERED that the deadline for joinder of any additional parties, or other amendments to the pleadings, is sixty days after entry of this order. The parties are instructed to comply with Federal Rule of Civil Procedure 15 in seeking joinder of parties or amendments to the pleadings prior to expiration of the deadline. Amendments sought after the deadline must comply with Federal Rule of Civil Procedure 16.

Dkt. No. 16 at 1. Under the case management order, the parties were required to file any amended pleadings by April 24, 2017 (i.e., within sixty days of the entry of the order on February 23, 2017). Id.

On July 19, 2017, Dowling filed a motion for leave amend his complaint to add a cause of action under Labor Code § 1102 and to add factual allegations. Dkt. No. 24. That motion is presently before the Court.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations and quotations omitted). However, where a party moves to amend after a specific deadline to amend pleadings, the stricter "good cause" standard for modification of a scheduling order under Rule 16(b) governs. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).

Here, the deadline to amend pleadings was April 24, 2017. Dkt. No. 16 at 1. Dowling filed his motion for leave to amend on July 19, 2017—almost three months after the deadline. Dkt. No. 24. Accordingly, the "good cause" standard under Rule 16 applies. See Johnson, 975 F.2d at 607–08; see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A court should modify a pretrial deadline only if the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at

Case No.: 5:16-cv-06866-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM CLAIMS PRESENTATION REQUIREMENT

2

609 (quoting the advisory committee notes to the 1983 amendment to Rule 16).

The Court finds that Dowling has failed to show that he made diligent efforts to meet the April 24 deadline. The parties' February 23 joint case management statement shows that, as of that date, Dowling was aware of the facts and allegations that he intended to add to his complaint. Dkt. No. 16 at 1. In his reply brief in support of his motion for leave to amend, Dowling asserts (for the first time[1]) that he was unable to meet the April 24 deadline because, on that date, he "was in the middle of an 18-workday medical leave of absence," and because of the "ongoing accrual of his claims." Dkt. No. 51 at 1. However, Dowling fails to explain why either of these circumstances prevented him from amending his complaint before the April 24 deadline. Moreover, as the County explains, Dowling returned from medical leave on May 8 but did not move to amend his complaint until July 19. Dkt. No. 57-1 at 2.

Accordingly, Dowling's motion for leave to file an amended complaint (Dkt. No. 24) is DENIED because Dowling has not shown good cause for modifying the Court's scheduling order under Fed. R. Civ. P. 16(b)(4). Dowling's motion for relief from the claims presentation requirements in Cal. Gov't Code §§ 905 and 945.4 (Dkt. No. 27), with respect to his proposed amendments, is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: December 6, 2017

EDWARD J. DAVILA
United States District Judge

---

[1] The County moves for leave to file a sur-reply to respond to facts and evidence that Dowling raised for the first time in his reply brief. Dkt. No. 57. The County's motion is GRANTED.

Case No.: 5:16-cv-06866-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM CLAIMS PRESENTATION REQUIREMENT
3